## JONES *vs.* ROBSON.

A bill of review will not be sustained when it does not make a case which requires a reversal of the former decree, nor which would authorize a new trial.

In Equity, from Calhoun County. Decided by Judge ALLEN, at Chambers, 12th September, 1859.

A bill was filed by Elizabeth Jones against Jesse Robson, upon which there was a decree in her favor. Robson carried the case to the Supreme Court, and the judgment of the Court below was affirmed. The case, with the facts reported, will be found in 27th *vol. S. C. Reps., p.* 266.

With the view to restrain the enforcement of said judgment, and to set it aside and get a new trial, the said Robson filed his bill for review and injunction against Elizabeth Jones, on the ground, mainly, of certain frauds charged to have been committed in procuring evidence for complainant in the former case.

The bill charges, that the deposition of Henrietta Dudley, the wife of John D. Dudley, and daughter of Mrs. Jones, was taken by commission and read in the former case; that hers, with that of Allen Smith, a brother of Mrs. Jones, constituted the chief evidence for the latter; and that since the trial, and motion for new trial, complainant has discovered new and material evidence, as appears by affidavits appended to the bill, as follows:

A. Barnes and Windsor Follett, the commissioners who took the testimony of Mrs. Dudley under the commission referred to, state under oath, that Mrs. Dudley was sworn, and was giving her answers to the interrogatories, she read them from a piece of paper in her hand that was written upon, and refused to let the commissioners read them.

William Leonard states under oath, that some time in the spring of 1859, he was at Mrs. Jones', and read at her request, some two or three letters from her son-in-law, John D. Dudley, in one of which he states that he claimed half of the judgment against Jesse Robson, for his services in going to Washington county, and assisting in obtaining said judgment; and that if she did not satisfy his claim, that he

Jones *vs.* Robson.

could very easily undo what he had done in obtaining said judgment. Deponent states that the above is his conclusion from reading said letter. Mrs. Jones said to deponent, that she did consent to settle some portion of said judgment on Henrietta Dudley, but was under no obligation to him.

Mary Owens states under oath, that she lived with Mrs. Elizabeth Jones and her husband, James Jones, three years, in 1838, 1839, 1840, and that she never heard of any contract being made between Mr. and Mrs. Jones with regard to his not claiming her interest in Drury Stokes' estate in his name. In 1843, Mrs. Jones, while moving to Randolph county, stopped with deponent, and whilst there, told deponent that she had given up all she had to Jones' creditors, except what she had with her; and deponent saw nothing but some household and kitchen furniture. She further told her, there was thirteen or fifteen hundred dollars put on interest for Drury Stokes. This conversation took place after the sale of Nancy Stokes' estate. She also informed deponent, that after the death of Georgia Ann's brother, Drury J. Stokes, Mr. Jones went to Court " to try to get to be his heir."

The complainant, Robson, alleges that the answers of Mrs. Dudley were proposed for her by another, and that they are not true in fact; that the question of interest was put to her, which she answered in the negative; that her interest was before unknown to him, and that Dudley, her husband, instigated her suit; he alleges that Dudley's visit to Washington county was to procure the testimony of Allen Smith; that his evidence in relation to complainant's sayings is without truth; and that he had no knowledge of the fraud in procuring said testimony at the time he moved for a new trial.

The bill was sanctioned by the Court, and the plaintiff in error restrained by injunction from enforcing said judgment.

Counsel for plaintiff in error excepted thereto, and assigned the same as error.


VASON & DAVIS, for plaintiff in error.


WARREN & WARREN, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

A bill of review, in order to be sustained, ought to make a case for reversing the former decree, and this bill does not make such a case. The decree which is sought to be reversed, was founded upon an alleged contract between Mrs. Jones and Mr. Robson. We have not before us, in the present case, the proof in support of that contract, but Judge Lumpkin, in his written opinion in the former case, says, " there is a superabundance of evidence to prove this contract, and of his (Robson's) distinct and oft-repeated recognition of it." See 27 *Ga, Rep.*, 272. This bill of review rests upon an assault on that proof, but it touches only two points of the " superabundance " which existed. When I speak of the extent of the attack, I mean the attack as *supported by affidavits*, for it is not entitled to consideration further than it is so supported. Round assertions, that no such contract ever was made, go for nothing, without pointing out the sources from which such *proof* is to come as would authorize the reversal of the former decree. The first point made by the bill of review, as supported by affidavits, is upon Mrs. Dudley, whose testimony was a part of that " superabundance " of proof on which the former decree was obtained. The case which it makes on her testimony is at most but one of *suspicion*. It may be, as stated by the commissioners who took her testimony, that she answered from a manuscript which she refused to let them see; and yet the manuscript may have been prepared by herself or by some one else under her direction, with a view not to falsehood, but to deliberation and accuracy. The further attempt to show that she was an incompetent witness on account of interest, is a failure. Leonard, in his affidavit, states that Mrs. Jones said to him, after she had got her decree, that she had consented to settle a portion of the recovery upon Mrs. Dudley, who was her daughter, but he does not state that she said this " consent " was given before Mrs. Dudley gave her testimony; and the " consent " utterly fails to come up to the standard of a *contract* conferring a legal interest. The other point made by the bill of review is upon some sayings of Mrs. Jones, as reported by Mrs. Owens after a lapse of seventeen years. In the first place,

Mrs. Jones may have said what was not true; but in the second place, it is very uncertain what she did say. If she said he had given up all to the creditors of Jones, as Mrs. Owens reports her, her saying was inconsistent with the contract on which the former decree in her favor was based; but if she said she had given up all to Robson to protect it from the creditors of Jones, her saying was in perfect conformity with the contract, and is strongly corroborative of it. Now, it is very uncertain which of these things she said, or whether she said either; and the doubt does not involve the slightest reflection upon Mrs. Owens, who reports the conversation, in which she had no personal interest, after so great a lapse of time. She may have reported it faithfully according to her memory, but her memory, under the circumstances, is not worth much. The bill, so far from making a case for reversing the former decree, does not even make a case for a new trial; for the point which it makes on Mrs. Dudley is the mere impeachment of a witness, and the point on the sayings of Mrs. Jones only brings up cumulative evidence, and neither of them is a good ground for a new trial. We are well satisfied that this bill ought to have been dismissed.

Judgment reversed.